IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| STRIKE 3 HOLDINGS, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:25-cv-01154 (AJT/WBP) |
| ) | |
| JOHN DOE, subscriber assigned ) | |
| IP address 100.36.199.158, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff Strike 3 Holdings, LLC's ("Plaintiff" or "Strike 3") *ex parte* Motion for Leave to Serve a Third Party Subpoena Prior to a Rule 26(f) Conference. ("Motion"; ECF No. 5.) For the reasons discussed below, Plaintiff's Motion is GRANTED.

As alleged in the Complaint, Plaintiff owns adult motion pictures that it distributes on adult websites and DVDs. (ECF No. 1 ¶¶ 2–3.) Using an infringement detection system it developed called "VXN Scan," Plaintiff identified an internet protocol ("IP") address used by Defendant John Doe ("Defendant") to anonymously and illegally download and distribute 24 of Plaintiff's copyrighted movies using a BitTorrent protocol. (*Id.* ¶¶ 17–50.) Because Plaintiff has only been able to identify an IP address associated with the allegedly illegal activity, Plaintiff filed this Motion seeking leave of Court to serve a Rule 45 subpoena on Verizon Online LLC ("Verizon Fios"), Defendant's internet service provider ("ISP"), solely to discover Defendant's identity so it can serve the Complaint. (ECF No. 7 at 1–2.)

While the Federal Rules of Civil Procedure prohibit parties from engaging in discovery of any type before a Rule 26(f) conference, Fed. R. Civ. P. 26(d)(1), courts in the Fourth Circuit

have allowed parties to serve third-party subpoenas before the 26(f) conference if the movant can show that "good cause" exists. *See Moore v. Doe*, No. 1:19-cv-01018-LMB-MSN, 2019 WL 13294603, at *1 (E.D. Va. Sept. 13, 2019) ("Plaintiff established that 'good cause' exists for it to serve a third-party subpoena"); *Strike 3 Holdings, LLC v. Doe*, No. 3:23-cv-0546-MOC-SCR, 2023 WL 8720700, at *1 (W.D.N.C. Dec. 18, 2023) ("Courts routinely find good cause to grant leave for limited pre-conference discovery to plaintiffs seeking copyright enforcement against defendants known only by IP addresses").

The "well-established" test for determining good cause consists of five factors: "(1) a concrete showing of a *prima facie* claim of actionable harm; (2) specificity of the discovery request; (3) the absence of alternative means to obtain the subpoenaed information; (4) a central need for the subpoenaed information; and (5) the party's expectation of privacy." *Strike 3 Holdings*, 2023 WL 8720700, at *1 (citing *LHF Prods., Inc. v. Does 1-5*, No. 1:17-cv-00151-MR, 2017 LW 2960789, at *1 (W.D.N.C. July 11, 2017) and quoting *Sony Music Ent. v. Does 1-40*, 326 F. Supp. 2d 556, 564-65 (S.D.N.Y. 2004)). These five factors support allowing Plaintiff to issue a Rule 45 subpoena to Verizon Fios before the Rule 26(f) conference solely to discover Defendant's identity.

First, Plaintiff's Complaint states a prima facie claim for copyright infringement, including allegations that it owns 24 copyrighted properties and that Defendant has encroached Plaintiff's rights. (ECF No. 1 ¶ 4; *see also Strike 3*, 2023 WL 8720700, at *1 (holding that identifying specific works is enough to establish a prima facie claim of infringement).) Second, Plaintiff's proposed Rule 45 subpoena seeks only the name and address corresponding to the IP address, which is narrow enough to satisfy the second factor of the test. Third, Plaintiff has no other way to identify Defendant other than by issuing a Rule 45 subpoena because the ISP is

2

prohibited from sharing the identifying information without a court order. *See id.* at *2. Fourth, the information sought is necessary to effect service on Defendant.

Finally, Defendant has no expectation of privacy under the test because those who share copyrighted material through an online file-sharing network cannot assert an expectation of privacy to avoid defending an infringement claim. *See id.*; *LHF Prods.*, 2017 WL 2960789, at * 2; *Arista Recs., LLC v. Doe 3*, 604 F.3d 110, 115 (2d Cir. 2010).

For these reasons, the Court finds that good cause exists to allow Plaintiff to serve a Rule 45 subpoena on Verizon Fios only to determine the name and address of the person or entity to whom the ISP assigned the IP address referenced in the Complaint. It is therefore

ORDERED that Plaintiff's Motion is granted as follows:

1. Plaintiff may serve Verizon Fios with a Rule 45 subpoena commanding it to provide Plaintiff with the name and address of the subscriber associated with IP address 100.36.199.158. Plaintiff may also serve a Rule 45 subpoena in this same manner on any service provider identified in response to a subpoena as a provider of internet services to Defendant.

2. If the ISP qualifies as a "cable operator" as defined by 47 U.S.C. § 522(5), which states:

> The term "cable operator" means any person or group of persons
> (A) who provides cable service over a cable system and directly or through one or more affiliates owns a significant interest in such cable system, or
> (B) who otherwise controls or is responsible for, through any arrangement, the management and operation of such a cable system.

As a "cable operator," Verizon Fios must comply with 47 U.S.C. § 551(c)(2)(B), which states:

> A cable operator may disclose such personal identifying information if the disclosure is . . . made pursuant to a court order authorizing such disclosure, if the subscriber is notified of such order by the person to whom the order is directed.

by sending a copy of this Order to Defendant.

3

    3.    Plaintiff may only use the information disclosed in response to a Rule 45 subpoena served on the ISP to protect and enforce Plaintiff's rights as stated in its Complaint.

Entered this 25th day of July 2025.

                                                                    _____

                                                                    William B. Porter

Alexandria, Virginia                                        United States Magistrate Judge